R. E. CRAIG ET AL. v. P. M. DOHERTY, ADMR., ET AL.

1. BILL FOR DISCOVERY. *Account. Mortgage.*
   An administrator, who cannot determine the solvency of the estate without learning the amount of a mortgage debt and the assets received by the mortgagee, can maintain a bill for discovery and to extinguish the mortgage, should the disclosure be that the debt is paid and the estate is insolvent.

2. SAME. *Retaining for full relief.*
   If discovery and relief is also sought touching matters determinable at law, as, for instance, misappropriation of the assets of the estate, the court having jurisdiction to relieve as to the mortgage, dependent on the discovery, will retain the bill for full relief.

3. SAME. *Parties. Cross-bill.*
   The intestate's minor heir can, on motion, be made a complainant in such a bill which does not seek to sell the land for debts, but he should not be a defendant, and his cross-bill, praying the same relief as the original bill, is demurrable.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

P. M. Doherty, as administrator of the estate of W. Z. McCrackin, appointed in January, 1883, upon the petition of the intestate's creditors, filed a bill on February 22, 1883, against R. E. Craig and others, composing the firm of R. E. Craig & Co., and the heirs, William H. McCrackin and Estelle V. McCrackin, a minor, in which he alleged that on March 5, 1881, W. Z. McCrackin, who at the time cultivated several farms, renting some and owning the fee in others, mortgaged one of the latter, with some personalty, to R. E. Craig & Co. in order to secure a debt then due and to obtain advances for subsequent years; that during the year 1882 he cultivated parts of the farms with laborers, some of whom worked for wages and others on shares, and other parts he leased, and thus became entitled to more than two hundred bales of cotton and fifteen hundred bushels of corn; that William H. McCrackin was his father's partner in some of these adventures, but not in all, and presuming on this fact he used the firm-name of W. Z. McCrackin & Son after his father's death, on September 2,

1882, to transfer this property to R. E. Craig & Co.; that the estate is probably insolvent, but the complainant cannot determine this until he discovers the amount of the mortgage debt, the sums due the intestate from the laborers, and the assets received and misapplied by William H. McCrackin and R. E. Craig & Co.; that a large amount of personal property came into the complainant's hands as administrator, which he transferred to R. E. Craig & Co. at an agreed price to be credited on the mortgage debt; that William H. McCrackin, as pretended surviving partner, continued to obtain advances from R. E. Craig & Co., and they now assert that all these assets so taken by them were applied to the later advances, leaving the mortgage debt unpaid; that R. E. Craig & Co. should be compelled to discover what they have received under the pretended transfer by William H. McCrackin, and otherwise, of the assets of the estate, and to account for the same; that they had no lien upon the crops, but owned a judgment against W. Z. McCrackin & Son, and another against William H. McCrackin, surviving partner, but that these did not bind the individual property of the decedent as against his personal creditors, whom the administrator represents; that the facts are within the knowledge of the partners of R. E. Craig & Co. and William H. McCrackin, who took most of the assets after the intestate's death and before the complainant was appointed to administer on the estate, and it is impossible for the complainant to ascertain, except by discovery from them, how much R. E. Craig & Co. have received. The prayer was for a discovery from this firm and its members, as to their receipts of assets from all sources and their dealings with William H. McCrackin, for an account, the application of payments, and a decree for any balance due, for a full discovery from William H. McCrackin, and for such orders and decrees as would give complete relief and meet all the requirements of the case. On the day this bill was filed, Estelle V. McCrackin, by her next friend, answered, admitting the statements, and averring that they were true, and made her answer a cross-bill against her co-defendants, praying in greater detail the same relief asked in the prayer of the original bill.

On March 27, 1883, R. E. Craig & Co. demurred to both the bill and the cross-bill, stating for causes, as to the former, that the claims were cognizable at law and there was no equity on its face, that no basis was laid for the discovery asked, and that Estelle V. McCrackin was improperly made defendant; and as to the latter, that the cross-complainant had no defense to make to the original bill, but her interest was with the complainant, and on her cross-bill no decree could be rendered for or against the administrator, who was seeking by his bill to collect assets of the estate of which she was heir. The demurrers were heard together by the Chancellor, who overruled both; and from this decree, R. E. Craig & Co. appealed.

*Barnett & Williams,* for the appellants.

1. The original bill presents a legal demand, and even if discovery were necessary it would not be retained for full relief. Story Eq. Pl., § 322. But William H. McCrackin, against whom no relief is asked, appears from the allegations of the bill to know the facts, and he is a competent witness. Story Eq. Pl., §§ 323, 324. Recovery of the assets of a deceased person is not a subject of equity jurisdiction. *Myers* v. *Myers,* 2 McCord Ch. 214. Vague statements are insufficient. The defendants must be advised of the charges. *Smith* v. *Gill,* 52 Miss. 607; *Perkins* v. *Sanders,* 56 Miss. 733; Story Eq. Pl., §§ 255, 256. A bill filed for discovery will never be retained for the purpose of granting full relief, unless it is alleged that the facts cannot be proved by other testimony. Story Eq. Jur., § 74.

2. Cross-bills are modes of defense, and new matter cannot be introduced by them. *Thomason* v. *Neeley,* 50 Miss. 310. Because it is defensive in character, the dismissal of the original bill carries with it the cross-bill. *Ladner* v. *Ogden,* 31 Miss. 332; *Gilmer* v. *Felhour,* 45 Miss. 627 and cases cited. Where the matter set up as a defense will also entitle the party answering to affirmative relief the courts will grant it, but where the matter set up is in no sense defensive in its character, relief cannot be obtained by means of a cross-bill, but an original bill must be resorted to. The case of *Dewees* v. *Dewees,* 55 Miss. 315, cannot be regarded as an authority,

but as resting upon its own peculiar facts, otherwise it overrules *Belcher* v. *Wilkerson*, 54 Miss. 677. The interests of Estelle V. McCrackin being identical, so far as her claims can be asserted in this litigation, with the complainant's, a decree in his favor will inure to her benefit. A cross-bill will not be entertained if the matter of it can be made available under the original bill. *Weed* v. *Smull*, 3 Sandf. Ch. 273; *Morgan* v. *Smith*, 11 Ill. 194; Story Eq. Pl., § 389. The prayer of her cross-bill is the same as that of the original bill. Her rights are identical with the administrator's so far as the original case goes, and she cannot make a new case in a cross-bill. *Cross* v. *De Valle*, 1 Wall. 1; *Galatian* v. *Erwin*, Hopk. Ch. 48. This mode of pleading is unnecessary for purposes of an account if one should be ordered. *Harrison* v. *Harrison*, 56 Miss. 174.

*Hudson, Hudson & Holt*, for the appellee, P. M. Doherty.

The jurisdiction attaches upon the facts stated in this bill for purposes of relief, as well as for discovery. An intricate course of dealing is shown, a mortgage is alleged to be satisfied, and an account is asked. Story Eq. Jur., §§ 67, 455. Legal remedies are inadequate in cases of this nature. Story Eq. Jur., §§ 32, 450. Without the aid of the chancery court, a law-suit cannot be commenced, because the essential facts are known only to the defendants. After the chancery court has taken jurisdiction to compel the discovery of the data necessary in the accounting, it will retain the case to state the account and extinguish the mortgage. Story Eq. Jur., §§ 67, 72. The jurisdiction in matters of account is not limited. Story Eq. Jur., § 453. Where the accounts are complex the jurisdiction is clear. Story Eq. Jur., §§ 445, 457. If a discovery is essential to the account, the chancery court will entertain the bill. *Pendleton* v. *Wambersie*, 4 Cranch 72; *Mackensie* v. *Johnston*, 4 Madd. Ch. 374. Application of payments in complicated accounts is a ground of the jurisdiction. Story Eq. Jur., § 460. In the bill presented all these elements unite to give unquestionable jurisdiction to the court.

*J. C. Prewett*, for the appellee, Estelle V. McCrackin.

Upon the death of W. Z. McCrackin, the title to the land vested

in his heirs, and no bill is maintainable to affect this title, unless they are parties. The minor, Estelle, is interested in the collection of the personal estate in order to exonerate the land. She is especially interested in lifting the mortgage from her own real estate. The litigation cannot be concluded without her. It suited the complainant to make her a defendant, and she answered. He may amend his bill and make her a complainant, but he has not done so ; and she adopts the natural course of proceeding with a bill of her own. Estelle V. McCrackin is a proper party in the litigation. She was brought in and another party chose the method. Discovery is essential to her interest, and the fact that it is the same discovery which the complainant seeks does not preclude her from obtaining it. A purely technical objection is now raised in order to gain time. The demurrer was properly overruled and the decree should be affirmed.

COOPER, J., delivered the opinion of the court.

The bill charges that the estate of W. Z. McCrackin is probably insolvent, but that whether it is or is not cannot be known until an account shall have been taken of the assets received by R. E. Craig & Co. belonging to the estate, and of the true amount of the mortgage debt. If the estate is insolvent, or if the personalty shall prove insufficient to discharge all the debts due by it, the administrator will have such an interest in subjecting the realty to sale as to enable him to maintain the bill for a cancellation of the mortgage if paid, and as incident thereto to have an account of the mortgage debt and all payments made thereon. It is true that the administrator by the bill now filed seeks discovery and relief as to other matters, the misappropriation by the defendants of the assets of the estate, which might be made the foundation of a suit at law. But under the allegations of the bill the complainant would have been entitled to discovery as to these matters if the bill had been one for discovery merely in aid of an action brought or to be brought at law, and since he is entitled to discovery as to all the matters and to relief as to one and the matter as to which he is entitled to relief depends upon or is intimately connected with the

discovery sought, the court will retain jurisdiction to give full relief.

Where discovery is prayed by the complainant, and the defendant resists discovery, or demurs to a bill seeking such relief because other relief is prayed which can only be given on final hearing, and the defense is that there is no jurisdiction in equity to grant such final relief, the courts have been astute to find some ground for retaining jurisdiction for final relief in order that the plaintiff may not be denied the discovery to which he is equitably entitled. "The jurisdiction of courts of equity as dependent upon discovery," says Judge Story, "is in a distressing state of uncertainty;" and so indeed it appears to be. But where the complainant is able to anchor himself in the court by showing facts which entitle him to relief outside of and beyond the discovery sought, and the discovery is necessary or proper for the determination of the matter as to which the relief is sought, or is pertinent thereto, we have not found a case in which it has been denied. The demurrer to the original bill was properly overruled.

No relief was sought by the complainant against the defendant, Estelle V. McCrackin; the bill does not seek to subject the land mortgaged to sale for the payment of the debts due by the intestate. Her interests are identical with those of the administrator as to the objects of this suit, and it would have been more regular to have made her a party plaintiff than defendant. Upon her motion, the Chancellor should permit her to become complainant instead of defendant, but being improperly defendant she ought not to be permitted to incumber the records and accumulate costs by filing a cross-bill. The demurrer to the cross-bill should have been sustained.

*Decree accordingly.*